IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LYNWOOD CANNON, #59724**                                               **PLAINTIFF**

**VERSUS**                         **CIVIL ACTION NO. 3:05cv427TSL-AGN**

**NATHANIEL CANNON, et al.**                                            **DEFENDANTS**

OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. An order was entered on July 18, 2005, denying the prisoner plaintiff's request to proceed in forma pauperis pursuant to the "three-strikes" statute, 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee of $250.00, within twenty days. Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

On July 26, 2005, the plaintiff filed a response to this order expressing disagreement with the ruling of the court, citing the exception portion of 28 U.S. C. § 1915(g), "under imminent danger of serious physical injury." The court has considered the plaintiff's response and has meticulously reviewed

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

the entire court file, consisting of nineteen pleadings filed by the plaintiff since July 12, 2005, to conclude that the decision of the court on July 18, 2005, denying the plaintiff <u>in forma pauperis</u> status, should not be altered. The court finds the plaintiff's allegations insufficient to meet the threshold requirement of imminent danger of serious physical injury. See <u>Edmond v. Texas Dep't of Corrections, et al</u>., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); <u>Bankhead v. King</u>, No. 03-142, 2003 WL 21529822, at *3 (N.D.Tex. July 7, 2003)(allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, and that these actions were in part racially motivated failed to establish imminent danger of serious physical injury); <u>Ford v. Foti</u>, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(allegations of missed appointment for circumcision and prison doctors failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); <u>Gallagher v. McGinnis</u>, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish

danger of serious physical injury); Carson v. TDCJ-ID, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998) (allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  In sum, the plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint.  Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir. 1998).

The plaintiff has failed to comply with the court's order entered July 18, 2005.  The plaintiff was directed to pay the filing fee within twenty days or his case would be dismissed.  The court has been lenient with this deadline and allowed over six weeks to pass from the deadline and the plaintiff has still not complied with the court's order of July 18, 2005.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleadings, and have never appeared in this action, and since the court has never considered the merits of the plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the  22nd   day of September, 2005.


                                /s/ Tom S. Lee
                                UNITED STATES DISTRICT JUDGE